UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WANTWAZ D. DAVIS,

    Plaintiff,

v                                                Case No. 1:06-cv-690

THOMAS BELL, WARDEN,                    Hon. Wendell A. Miles
LORI GIDLEY, DEPUTY WARDEN,
TIM KIPP, A.D.W.,
A. BAKER, ARUS,
CRIS McQUEARY, ARUS,
C. MILLER, RUM,

    Defendants.
_____/

ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

This is a civil rights action filed by a Michigan prisoner *pro se* under 42 U.S.C. § 1983. On March 27, 2007, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that the defendants' motion for summary judgment be denied. The defendants have filed timely objections to the R & R. The court has reviewed *de novo* the R & R filed by the United States Magistrate Judge in this action, the objections to the R & R, and the relevant portions of the file. For the reasons to follow, the court adopts the recommendation to deny the motion.

**Discussion**

The defendants make the following objections to the R & R: (1) Exposure to secondhand smoke is not a "health risk so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk"; (2) defendants had no personal knowledge of plaintiff's medical condition, and therefore they did not have the requisite culpable state of mind to support an Eighth Amendment claim; (3) defendants enforced the non-smoking policy in good faith to the best of their ability, and therefore they were not deliberately indifferent to plaintiff's medical needs; (4) defendants did not "ignore" plaintiff's request for tobacco-free housing; (5) defendants are entitled to qualified immunity.

Defendants' first objection does not provide a basis for granting their motion.  Plaintiff's claim is not a general one based upon the negative effects of exposure to second-hand smoke, or "Environmental Tobacco Smoke" ("ETS").  Instead, his claim is more specific: that the defendants were deliberately indifferent to his serious medical need for placement in a tobacco-free housing unit.  The Magistrate Judge correctly recognized the nature of plaintiff's claim, and she applied the proper two-step analysis established in Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Defendants' third objection is similarly flawed.   Enforcement of the Michigan Department of Corrections' non-smoking policy does not necessarily lead to the conclusion that the defendants were not subjectively indifferent to plaintiff's medical needs.  Defendants argue that this case is like Scott v. District of Columbia, 139 F.3d 940 (D.C. Cir. 1998).  In that case,

the court reversed a district court decision which issued an injunction requiring the District of Columbia to provide prisoners with a smoke-free environment. Specifically, the court observed that "it is hard to see how imperfect enforcement of a nonsmoking policy can, alone, satisfy [the] subjective element" required by Helling v. McKinney, 509 U.S. 25 (1993). The court further noted, "[t]hat the District even has such a policy militates against a finding of deliberate indifference. The Supreme Court said as much in Helling, 509 U.S. at 36, 113 S.Ct. at 2482."

Scott was a case brought by three plaintiffs who sought only injunctive relief and no damages. The appeal was deemed moot as to one plaintiff, who had been released from confinement. Although the court concluded that the case was not moot as to the two remaining plaintiffs, who were still subject to the District of Columbia's authority even though they had been transferred to serve their sentences at a facility in Ohio, the court was convinced that the injunction was flawed not only because of a lack of evidence of smoke levels at the facility where the plaintiffs had been confined, but also because of a lack of evidence regarding the severity of their medical conditions. One plaintiff had identified no specific medical condition, and provided no records documenting any ailment. Id. at 943. Although the other remaining plaintiff had thyroid cancer and asthma, the testifying medical doctor had never examined this plaintiff and had no knowledge of the prisoner's medical condition or of the actual levels of smoke to which the prisoner had been exposed. Id. In addition, the court noted, the district court had heard no evidence demonstrating the existence of any substantial risk of harm. Id. Here, in contrast, plaintiff submitted some evidence that he had asthma, or at least some

condition that was aggravated by ETS, in addition to evidence that medical personnel treating him had recommended that he be housed in a tobacco-free environment. Therefore, plaintiff has presented evidence of harm, apart from "imperfect enforcement of a nonsmoking policy alone," in support of his claim.

Defendants' second and fourth objections, while having more merit, likewise do not provide a basis for granting summary judgment at this time. The R & R refers to "the medically documented adverse health effects Plaintiff was experiencing as a result of exposure to second-hand smoke[.]" R & R at 9. However, although the Magistrate Judge cites to portions of plaintiff's medical records, R & R at 8, there is no evidence that the defendants were privy to information contained in plaintiff's confidential medical records. (Defendants contend that they did not have access to these records, and plaintiff has not shown otherwise.) It is also apparent that plaintiff has not submitted all of the relevant medical records; those he has submitted appear to be incomplete.

Furthermore, plaintiff himself specifically alleges in his complaint that he was diagnosed with "severe asthma" on his second hospital visit, Complaint at 4, even though he subsequently appears to contradict this allegation in his affidavit by stating that he was diagnosed during an initial hospital visit on April 18, 2006. The second hospital visit, however, took place on May 4, 2006, the same date on which plaintiff was transferred out of the unit where he claimed to have experienced so many problems. [Plaintiff's] Declaration in Opposition to Defendants' Motion

for Summary Judgment, ¶14.[1]  It is difficult to comprehend how the defendants could have known about plaintiff's supposedly "severe asthma" before he was diagnosed with the condition.  On the other hand, plaintiff has presented evidence that "Special Accommodation" notices for smoke-free housing were issued by health care staff on April 10 and 25, 2006.  Although neither of these notices identified any medical condition suffered by plaintiff, they did place staff on notice that plaintiff was deemed by medical staff to be a candidate for smoke-free housing.[2]

There is also merit in the defendants' objection that the Magistrate Judge erred in observing that "Plaintiff's request to be placed in the tobacco-free housing unit was again ignored" on April 19, 2006.  R & R at 8.  There is no evidence that plaintiff's request for an accommodation was "ignored."  Instead, the evidence – including plaintiff's own evidence – indicates that plaintiff was placed on a "list" to be moved into the tobacco-free unit as early as April 12, 2006, if not earlier.  Plaintiff's Declaration, ¶ 6; Plaintiff's Exhibit B (indicating

---

[1]Plaintiff has not provided medical records relating to his April 18, 2006 hospital visit.  In addition, the records he has provided – which he contends relate to his May 4, 2006 hospital visit – do not state that plaintiff was diagnosed with asthma; instead, the hospital nursing record of plaintiff's past medical history for this visit is checked "negative" for asthma.  Plaintiff's Exhibit F.  Another medical record of this hospital visit which plaintiff has provided consists of a prescription signed by a doctor at the hospital, which reads in its entirety as follows: "Seen and treated for bronchial irritation.  Please try to keep patient from second hand smoke inhalation.  This may benefit him."  Plaintiff's Exhibit G.

[2]Plaintiff has submitted evidence indicating that he was examined by a physician's assistant Howard Tyree at the prison on April 25, 2006, for "follow-up on asthma symptoms after treatment was initiated for the first time."  Plaintiff's Exhibit D.  Tyree made a "Preliminary Diagnosis" of asthma.  Tyree also listed as "unresolved diagnoses" both allergic rhinitis and asthma.  Although Tyree issued a second "Special Accommodation" notice for smoke-free housing as a result of this April 25, 2006 examination, as noted above this written notice, like the first notice, did not identify plaintiff's medical condition.

plaintiff was "2nd on Non White list," presumably for tobacco-free housing). On the other hand, even though the evidence does not support a conclusion that the defendants "ignored" plaintiff's requests, insofar plaintiff was put on the list for a transfer to tobacco-free housing, they have not shown that other options were not available which could have resulted in accommodating plaintiff's medical needs on a more expeditious basis – such as designation of plaintiff's unit as tobacco-free or transferring plaintiff to either administrative segregation or another correctional facility. In sum, although certain factual observations made in the R & R are not warranted by the current record, the court does conclude that the Magistrate Judge was correct in concluding that the defendants are not entitled to summary judgment based on the evidence and submissions thus far presented.

Defendants' final objection is that the Magistrate Judge erred in concluding that they are not entitled to qualified immunity. Defendants find particular fault with the estimation that "no credible argument can be advanced that a reasonable official would fail to have understood that the actions which Plaintiff *alleges* Defendants to have undertaken violate Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment." R & R at 10. Defendants argue that this statement indicates that the Magistrate Judge erred in analyzing the qualified immunity issue solely on the basis of plaintiff's allegations, rather than all of the evidence.

Whatever fault defendants may find with her qualified immunity analysis, the court concludes that the Magistrate Judge did not err in her ultimate conclusion that the defendants are not entitled to qualified immunity. The Sixth Circuit has held that "prisoners have a right not to

be exposed to environmental smoke that presents a serious risk to health and to be removed 'from places where smoke hovers.'" Reilly v. Grayson, 310 F.3d 519, 521 (6th Cir. 2002). In the court's view, the defendants confuse issues of proof with the issue of qualified immunity.

"A court required to rule upon the qualified immunity issue must consider . . . this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? This must be the initial inquiry." Saucier v. Katz, 533 U.S. 194, 201 (2001). "[I]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." Id. "This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition; and it too serves to advance understanding of the law and to allow officers to avoid the burden of trial if qualified immunity is applicable." Id. Here, the answer to both of these questions is affirmative, and therefore this case hinges on the development of the facts, and not on the issue of qualified immunity.

## Conclusion

Discovery remains to be done in this case, and at this point questions remain, particularly regarding the severity of plaintiff's medical condition, the extent of each defendant's specific knowledge regarding plaintiff's condition, and their responses based on that knowledge. Therefore, except as noted above, the court hereby approves and adopts the R & R as the

decision of the court.  Defendants' motion for summary judgment is therefore **DENIED**.

So ordered this 24th day of May, 2007.


 /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge