UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WANTWAZ DAVIS,

        Plaintiff,

v.                                                                    Case No. 1:06-CV-690

THOMAS BELL, et al.,                                 HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objection and Defendant Thomas Bell's Objection to the report and recommendation dated September 30, 2008.  In her report and recommendation, Magistrate Judge Ellen S. Carmody recommended that Defendants' motion for summary judgment be granted in part and denied in part.  In particular, the magistrate judge concluded that the portion of the motion pertaining to the claim against Defendant Bell be granted insofar as it is based upon Defendant Bell's denial of a grievance but denied with regard to Plaintiff's assertion that Defendant Bell failed to respond to a kite that Plaintiff sent.  The magistrate judge also concluded that the motion should be granted with regard to Plaintiff's claim for future damages on the ground that Plaintiff has failed to identify an expert witness who could support Plaintiff's claim for future damages, rendering speculative any request for such damages.

The Court has reviewed *de novo* the report and recommendation, the parties' objections, the relevant portions of the file, and the supplemental briefs the parties have filed on the issue of Plaintiff's future damages claim based upon exposure to Environmental Tobacco Smoke (ETS).

Based upon that review, the Court concludes that the report and recommendation should be adopted in its entirety.

Defendant Bell contends that the magistrate judge erred in concluding that an issue of fact remains regarding his personal involvement in the alleged failure to move Plaintiff to the tobacco-free housing unit.  On this issue, the magistrate judge noted that Plaintiff submitted a copy of the kite that he sent to Bell in which he said that he was suffering from "over inhalation of second hand smoke."  (Report & Recommendation at 7.)  The magistrate judge concluded that this evidence, along with Plaintiff's testimony that he sent the kite, would support an inference that Defendant Bell received the kite in the ordinary course of business through the prison mail system.  Although Defendant Bell argued that Plaintiff had no proof that Defendant Bell ever received the kite, the magistrate judge pointed out that Defendant Bell submitted no evidence, such as an affidavit, establishing that Defendant Bell did not receive the kite.  In fact, Defendant Bell's entire argument to the magistrate judge relied upon unsupported attorney argument about what "typically" would happen and why it was "unlikely" that Bell would have received or seen the correspondence.

Defendant Bell does not assert that the magistrate judge erred in concluding that he failed to support his motion with evidence.  Rather, he again suggests that it was unlikely that he would have personally seen Plaintiff's kite because someone on his staff would have been assigned to respond to it.  This argument fails for the same reason identified by the magistrate judge, namely, Bell has failed to support it with evidence.  *See Miller v. Pinson*, No. 94 C 2157, 1996 WL 596501, at *8 (N.D. Ill. Oct. 15, 1996) ("There was no evidence that Sheahan did not receive his copy [of the plaintiff's letter]; since Miller has testified that he sent it, we infer it was received.").  Simply put, statements and arguments of attorneys in briefs are not evidence.  *See Koch Materials Co. v. Shore Slurry Seal, Inc.*, 205 F. Supp. 2d 324, 328 n.1 (D.N.J. 2002).  Thus, contrary to Defendant

Bell's mistaken belief, unsupported assertions of counsel in a brief cannot support summary judgment.

Plaintiff contends that the magistrate judge erred in granting Defendants summary judgment on the claim for future damages.[1]  In his Objection, Plaintiff contends that the magistrate judge should not have recommended dismissal of his claim for future damages because, although he has not identified an expert witness, he has produced materials supporting his claim for future damages. These include a report from the Surgeon General regarding the effects of secondhand smoke and Plaintiff's medical records.  Plaintiff also points out that Howard Tyree, a physician's assistant who examined Plaintiff  on or about April 19, 2006, concluded that Plaintiff's exposure to cigarette smoke triggered a bronchospasm that resulted a syncopal episode.  Plaintiff's counsel explains in Plaintiff's motion for clarification of the report and recommendation that Plaintiff is simply seeking future compensatory damages for being subjected to ETS in the prison facility during April and May 2006, which resulted in Plaintiff being treated for asthma symptoms on several occasions.  He states that Plaintiff is not seeking damages for future injuries, such as the possibility of being diagnosed with cancer at some time in the future, but only damages resulting from the injury in April and May 2006.  In this regard, Plaintiff points out that since the period of time he was exposed to ETS, he has been on various medications to treat his asthma, and it appears that he will be required to remain on medication and use inhalers for the rest of his life.

The gap in Plaintiff's logic is the connection between the exposure to ETS and the diagnosing of asthma and subsequent medical treatment.  Just because a medical condition occurs or exists *after* an event does not mean that it occurred *because* of the event.  There must be *some*

---

[1]Plaintiff's objection was filed on November 4, 2008.  Although it was filed beyond the ten-day period for filing an objection, it appears that Plaintiff did not receive the copy of the report and recommendation that the Clerk mailed to him on October 1, 2008.  Another copy was mailed to Plaintiff on October 24, 2008, after Plaintiff notified the Clerk that he did not receive the first copy.  Accordingly, the Court deems Plaintiff's objection timely filed.

evidence to support to Plaintiff's contention that his "present medical condition is a direct result of being subjected unconstitutionally to ETS." (Pls.' Reply at 2.) There simply is none.[2] Plaintiff might believe it, and it might be true. But right now it is only surmise.

 Therefore,

      **IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued September 30, 2008 (docket no. 97) is **ADOPTED** as the Opinion of the Court.

      **IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket no. 85) is **GRANTED IN PART AND DENIED IN PART** as set forth above. Plaintiff's Motion for Clarification of Report and Recommendation (docket no. 108) is **DENIED**.


Dated:  January 16, 2009                               __/s/ Gordon J. Quist_____
                                         GORDON J. QUIST
                                   UNITED STATES DISTRICT JUDGE

---

[2]For example, in *McIntyre v. Robinson*, 126 F. Supp. 2d 394 (D. Md. 2000), the plaintiffs presented expert testimony from physicians that supported a causal connection between the plaintiffs' exposure to ETS and Plaintiffs' future health. *See id.* at 405. Similarly, the Court is aware of studies documenting the well-known link between long-term exposure to ETS and asthma in children, and the Court has reviewed a text summarizing studies regarding ETS and asthma in adults. But the Court is unaware of any study or report that would support Plaintiff's theory that exposure to ETS for a period of about one month is the probable cause of his present or any future condition. Regardless of whether Plaintiff characterizes the future damages he seeks as damages arising from the exposure to ETS for about one month between April and May 2006 or damages for a future injury, he must present some admissible evidence to establish a causal link.